# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2010

No. 09-51060

Lyle W. Cayce
Clerk

LEAR SIEGLER SERVICES,

Plaintiff – Appellee

v.

ENSIL INTERNATIONAL CORPORATION

Defendant – Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CV-679

Before JONES, Chief Judge, and REAVLEY and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a judgment rendered against Ensil International Corporation ("Ensil"), a vendor for government repair contracts on avionics equipment, for breach of contract concerning eight sophisticated combined interrogating transponder (CIT) units. The jury found Ensil liable and awarded approximately a half million dollars in damages incurred by appellee Lear

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-51060

Siegler Services  to have further repairs made by another concern.  Ensil raises only the issues whether sufficient evidence supported the verdict; whether Supply Discrepancy Reports (SDRs) sent by the South Koreans who complained about the units were properly admitted; and whether the court, after deciding to grant a partial new trial for alleged defective repairs of 67 other units Ensil handled, was also obliged to extend the new trial to these units.  Finding no error or abuse of discretion in these rulings, we affirm.

Ensil contends the evidence is legally insufficient to support a finding of defective warranty repairs because Lear failed to prove that defects later discovered in the eight CIT units had existed when they left Ensil's control.  The *Boeing* test for granting judgment as a matter of law requires us to review the evidence supporting the judgment in the light most favorable to the verdict and authorizes reversal only if no reasonable jury could have found for the appellee. *Boeing Co. v Shipman*,  411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 336 (5th Cir. 1997) (en banc).  As the district court noted in its response to a post-judgment motion urging the same point, the jury could have credited the technical testimony from IEI, the facility that performed the later repairs, that the defects it found in the CITs could not have been caused by the end users (the South Korean Air Force).  Likewise, a reasonable jury could conclude that the absence of an Ensil sticker or seal on the units or any other "documentation evidencing inspection, testing or repairs, suggests that Ensil had not made any repairs at any time."  The appellee's evidence also rebutted Ensil's claim that exposure to  electrostatic discharge by the end users caused the CIT units' defects. Ensil may disagree with the quality of this evidence, but it is sufficient to support the verdict.

As to the court's admission of the SDRs with abundant limiting instructions that the SDRs proved only the existence of complaints about these

No. 09-51060

units and not that the units were defective, the appellate review standard is abuse of discretion. *Johnson v. Ford Motor Co.*, 988 F.2d 573, 578 (5th Cir. 1993). This court will not reverse unless the district court erred in the admission of evidence and the error affected a substantial right of a party. *Id.* Contrary to Ensil's view, we must assume that the jury followed the court's limiting instructions, which directed their attention to the non-hearsay matter evidenced by the filing of the reports. No error occurred.

Last, the court's denial of a new trial as to these eight CIT units, after it granted a new trial (and ultimately judgment as a matter of law) regarding the other 67 non-CIT units, is also reviewed for abuse of discretion. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). Federal Rule of Civil Procedure 59(a) specifically authorizes the grant of a partial new trial. Although it seems intuitive that the jury would be influenced by hearing of a larger number of alleged contract breaches by Ensil than should have gone to trial, it is not evident how much the evidence of the non-CIT units tainted the liability case concerning the units now at issue. Indeed, there seems to have been little overlap in the evidence, and the court instructed the jury not to consider its verdict answers on the other repair contracts when it considered the issues pertaining to the eight CIT units. Ensil has pointed to no piece of evidence, argument, or testimony that, when admitted on the 67 other contracts, spilled over or prejudiced its position on the units now at issue. We cannot hold that the trial court abused its discretion because of a mere suspicion.

For these reasons, the judgment is **AFFIRMED**.